IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JASON DEON PALTON                                                                      PLAINTIFF

v.                          CASE NO. 5:06CV00198 SWW/HDY

STEVEN JACKSON, THOMAS HURST,
GREGG MOORE, ANTONIO REMLY,
DONALD COMPTON, WILLIE HAMPTON                                          DEFENDANTS

### PLAINTIFF JASON PALTON'S MOTIONS IN LIMINE

Comes the Plaintiff, Jason Deon Palton, by and through his attorneys, James & House, P.A., and for his Motions in Limine states:

A. Reference to ACLU

1. Plaintiff's counsel became involved in this present action at the request of the ACLU and has received assistance from the ACLU in prosecuting this case.

2. There can be little argument that the ACLU is a controversial organization for which some persons have strong feelings, both positive and negative.

3. The ACLU's support of this lawsuit has nothing to do with the merits of the case and should not be placed before the jury.

4. Accordingly, Plaintiff moves pursuant to Rules 401 and 402 of the Federal Rules of Evidence to exclude any reference to the ACLU since such reference would not be relevant to the facts of the case.

5. Further, even if relevant, its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues and misleading the jury. Accordingly, any reference to the ACLU should also be excluded pursuant to Rule 403 of

the Federal Rules of Evidence.

B. <u>Individual Liability</u>

6. The remaining Defendants in this case are sued in their individual capacity. All of the Defendants, except Remley, are represented by the Arkansas Attorney General's Office.

7. Plaintiff is concerned that the Defendants may seek to create unfair sympathy or bias of the jurors by emphasizing that any judgment would be paid by them individually and not the State of Arkansas. The obvious implication of such an argument is that a personal judgment against the Defendant could cause personal financial ruin or other dire personal economic consequences.

8. Such testimony should be excluded as it is not relevant, misleading, and inaccurate.

9. Specifically, over the years the State of Arkansas has settled scores of cases and paid judgments against officials found liable or sued in their individual capacity. Indeed, it appears to be the State's policy, practice, history, and pattern to pay such judgments. This policy makes sense since, as a practical matter, the State cannot allow judgments to stand against their employees or they would not be able to retain employees.

10. Accordingly, Plaintiff moves to exclude such testimony or argument pursuant to Rules 401 and 402 of the Federal Rules of Evidence as it is not relevant.

11. Further, such testimony or argument should be excluded pursuant to Rule 403 of the Federal Rules of Evidence as its probative value, if any, is substantially

outweighed by the danger of prejudice, confusion of the issues and misleading the jury.

    C.    <u>Sexual Orientation and Past Sexual Behavior</u>

12. During Plaintiff's deposition questions were elicited from him concerning sexual orientation and past sexual behavior.

13. While Plaintiff believes that Defendants will not ask similar questions at trial, in an abundance of caution, Plaintiff moves in limine to exclude such evidence from trial.

14. It is clear that sexual orientation has nothing to do with this case and is not calculated to lead to the discovery of relevant evidence. Accordingly, it should be excluded pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

15. Further, its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, and misleading the jury.

16. In addition, such evidence should be excluded pursuant to Rule 412 of the Federal Rules of Evidence.

WHEREFORE, Plaintiff Jason Palton prays that his Motions in Limine be granted, and for all other just and proper relief.

    Respectfully submitted,

    /s/ Patrick R. James
PATRICK R. JAMES, Bar No. 82084
James & House, P.A.
801 West Third Street
P. O. Box 3585
Little Rock, AR 72203-3585
(501) 372-6555 - Telephone
(501) 801-2991 - Direct Dial
(501) 372-6333 - Facsimile
pjames@jamesandhouse.com

## CERTIFICATE OF SERVICE

I, Patrick R. James, hereby certify that a copy of the above and foregoing has been filed and served via the following methods to the attorneys listed below this 9th day of July 2009:

Clerk of the Court via CM/ECF to:

Christine A. Cryer
Assistant Attorney General
Catlett Prien Tower Building
323 Center Street, Suite 200
Little Rock, AR 72201
Christine.cryer@arkansasag.gov

Clerk of the Court via CM/ECF to:

Shawn J. Johnson
Assistant Attorney General
Catlett Prien Tower Building
323 Center Street, Suite 200
Little Rock, AR 72201
Shawn.johnson@arkansasag.gov

/s/ Patrick R. James
PATRICK R. JAMES