IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| JASON DEON PALTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 5:06cv00198 SWW |
| | * | |
| | * | |
| | * | |
| STEVEN JACKSON, THOMAS HURST, | * | |
| GREGG MOORE, ANTONIO REMLEY, | * | |
| DONALD COMPTON, WILLIE HAMPTON, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Plaintiff Jason Deon Palton, a former state inmate currently on parole, filed this action pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment violations in connection with several sexual assaults committed against him by former Arkansas Department of Correction (ADC) officer Antonio Remley in October and November 2005, while plaintiff was incarcerated at the Varner Supermax Unit (VSM) of the ADC. Remley was terminated by the ADC and later pled guilty to assaulting plaintiff and was himself incarcerated in the ADC. Plaintiff sued Remley for excessive force by sexual assault and he sued ADC employees Deputy Warden Thomas Hurst, Captain Gregg More and Sergeant Steven Jackson for failure to protect plaintiff from Remley's sexual assaults. Plaintiff also sued ADC mental health officials Willie Hampton and Donald Compton for deliberate indifference to his serious mental health needs following Remley's sexual assaults.

The case was tried to a jury during the week of July 13, 2009. On July 16, 2009, the jury returned a verdict for plaintiff on his claim against Remley and Hurst and awarded $10,000 in

compensatory damages, $250,000 in punitive damages against Remley (who did not appear at trial and was not represented by counsel) and $1,000 in punitive damages against Hurst. The Court entered judgment on the jury verdict on July 17, 2009.

Now before the Court is Hurst's renewed motion for judgment as a matter of law, or, in the alternative, partial motion for new trial [doc.#228]. Plaintiff has responded in opposition to Hurst's motion and Hurst has filed a reply to plaintiff's response. Having considered the matter, the Court denies Hurst's renewed motion for judgment as a matter of law, or, in the alternative, partial motion for new trial.[1]

I.

A motion for judgment as a matter of law under Fed.R.Civ.P. 50 is considered in the light most favorable to the party who prevailed before the jury. *Larson v. Miller*, 76 F.3d 1446, 1452 (8th Cir. 1996) (citation omitted). This standard requires this Court to (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. *Id.* A jury verdict will not be set aside unless there is a complete absence of probative facts to support the verdict. *Wilson v. Brinker International, Inc.*, 382 F.3d 765, 769 (8th Cir. 2004). Judgment as a matter of law is appropriate only when the record contains no proof beyond speculation to support the verdict. *Id.* at 770. *See also Schooley v. Orkin Extermination, Co., Inc.*, 502 F.3d 759, 764 (8th Cir. 2007) (judgment as a

---

[1] This Order was prepared without benefit of a transcript of the proceedings.

matter of law is only appropriate where the evidence adduced at trial is entirely insufficient to support the verdict). A new trial, in turn, is appropriate where the verdict is against the clear weight of the evidence, clearly excessive, or the result of passion or prejudice. *MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 930 (8th Cir. 2004) (citation omitted)

## II.

### A.

Court's Instruction No. 6 instructed the jury that their verdict must be for plaintiff and against Gregg Moore, Tommy Hurst, or Steven Jackson for failing to protect plaintiff from sexual assault by Antonio Remley if all the following elements have been proved by a preponderance of the evidence: first, that Antonio Remley sexually assaulted the plaintiff; second, that Gregg Moore, Tommy Hurst or Steven Jackson were aware of the substantial risk of such assault(s); third, that Gregg Moore, Tommy Hurst or Steven Jackson, with deliberate indifference to the plaintiff's need to be protected from such assault(s), failed to protect the plaintiff; and fourth, as a direct result, the plaintiff was damaged. The Court further instructed the jury in Court's Instruction No. 8 that deliberate indifference is established as to Greg Moore, Tommy Hurst, or Steven Jackson only if they had actual knowledge of a substantial risk that the plaintiff would be sexually assaulted by former ADC officer Antonio Remley, and if these defendants disregarded that risk, by intentionally refusing or failing to take reasonable measures to deal with the problem.[2]

There is no dispute that Remley sexually assaulted plaintiff on several occasions and that

---

[2] The Court instructed the jury that mere negligence or inadvertence does not constitute deliberate indifference.

plaintiff was damaged as a result. There additionally was evidence presented at trial that Hurst was aware of the substantial risk of such assaults and, with deliberate indifference to the plaintiff's need to be protected from such assault, failed to protect the plaintiff.[3]

Hurst was VSM's Deputy Warden at the time of the events giving rise to this action and, among other things, was in charge of security at VSM. Hurst acknowledged that prison officials have a duty to protect inmates from violence at the hands of other inmates or guards. There was testimony that after the second sexual assault, plaintiff reported the assaults to Hurst during a classification hearing on November 9, 2005, and that although plaintiff requested to speak with Hurst when he had time, Hurst testified that he never had time to meet with plaintiff. In other words, there was testimony that plaintiff reported the sexual assaults to Hurst and Hurst failed to act. There was also testimony that Remley sexually assaulted plaintiff a third time and confronted plaintiff with the reports during the assault.

In addition, there was testimony that Hurst was aware of requirements set forth in "Post Orders," written requirements of policies and procedures, calling for two correctional officers on guard at night. Instead, Hurst, because of staff shortage, allowed only one guard to be on duty – Remley, who sexually assaulted plaintiff.

In addition, there were surveillance cameras present at the time of the sexual assaults that would have record the assaults if they had been functioning properly. The cameras were not functioning ostensibly because of vandalism which should have generated an investigation and report. It was admitted that an investigation occurred and yet no report was produced in

---

[3] Hurst does not dispute the characterization of the testimony as set forth by plaintiff in his response to Hurst's renewed motion for judgment as a matter of law, or, in the alternative, partial motion for new trial.

evidence. The jury could have drawn an adverse inference that this information was not beneficial to Hurst. The same is true of testimony concerning unlocked cell doors, an obvious breach of security, and the lack of any resulting investigative reports. In this respect, there was testimony concerning an investigation of cell doors being unlocked and inmates being out of their cells, but no report was produced in evidence. Again, the jury could have drawn an adverse inference that this information was not beneficial to Hurst.

Finally, there was substantial testimony regarding plaintiff hiding Remley's semen after the sexual assaults and testimony by other officers of a subsequent search for the semen. Hurst testified he did not know anything about the semen and had not heard anything about it, but the jury could have found this testimony not credible given that Hurst was in charge of security.

Hurst argues that because the jury did not find against subordinate officers Jackson and Moore, the jury's verdict is rendered a nullity as a matter of law. *See Sanders v. Brewer*, 972 F.2d 920, 923 (8th Cir. 1992) ("because the jury did not find the lower-level and more closely-involved supervisors liable, the jury would not have found [the upper-level supervisors] liable..."). The Court rejects this argument as there was testimony concerning Hurst's direct and more closely-involved actions in failing to protect plaintiff from sexual assault, including Hurst's not having time to meet with plaintiff after plaintiff reported being sexually assaulted.

B.

Hurst also argues the $1,000 punitive damages award against him should be set aside as the evidence at trial did not support a finding of evil motive or callous indifference on his part. The Court rejects this argument.

In Court's Instruction No. 13, the Court instructed the jury on punitive damages stating, in relevant part, as follows:

> If you find in favor of plaintiff Jason Palton under Jury Instructions 5, 6, or 7, and if it has been proved that the conduct of a defendant as submitted in Jury Instruction 5, 6, or 7 was malicious or recklessly indifferent to the plaintiff's health and protection and to plaintiff's mental health needs then you may, but are not required to, award the plaintiff an additional amount as punitive damages for the purposes of punishing any of the defendants for engaging in such misconduct and deterring that defendant and others from engaging in such misconduct in the future.
>
> In determining whether to award punitive damages, you should consider whether any of the defendants' conduct was reprehensible. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether any of the defendants' conduct that harmed the plaintiff also caused harm or posed a risk of harm to others; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

As set forth above, the Court finds that there was sufficient evidence for the jury to find that Hurst failed to take action after plaintiff reported being sexually assaulted and that Hurst failed to follow proper security procedures that would have prevented such sexual assaults. That evidence is sufficient to support the jury award of punitive damages.

III.

For the foregoing reasons, the Court denies Hurst's renewed motion for judgment as a matter of law, or, in the alternative, partial motion for new trial [doc.#228].

IT IS SO ORDERED this 28th day of August 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE